UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SILVER DREAM, LLC | CIVIL ACTION |
| VERSUS | NO: 10-4247 |
| YOUSUF INTERNATIONAL, INC. ET AL | SECTION: "A" (5) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 22)** filed by Defendant, L&P Group, USA, Inc. ("L&P"). Plaintiff, Silver Dream, LLC ("Silver Dream"), opposes the motion. The motion, set for hearing on July 20, 2011, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

## I. BACKGROUND

This case concerns a copyright infringement action. Silver Dream is a Louisiana limited liability company that designs and markets jewelry. (First Am. Compl. ¶ 5.) In the fall of 2009, Silver Dream created a jewelry design pendent in the shape of a fleur de lis, which included the image of a football, a football stadium, and the words, "WHO DAT," "NOLA," and "BELIEVE DAT." (*Id.* at ¶ 9.) Silver Dream copyrighted the pendent and was issued Copyright Registration No. VA 1-732-632 by the United States Copyright Office. (*Id.* at ¶ 12.) On November 4, 2010, while attending the Helen Brett show at the New Orleans Convention Center, Silver Dream learned that Defendant, Yousuf International, Inc. ("Yousuf"), a Texas corporation, had been selling and marketing a jewelry pendent with the same fleur de lis football design copyrighted by Silver Dream. (*Id.* at ¶ 16.) According to Silver Dream, Yousuf's pendent also was shaped like a fleur de lis and

1

included images of a football and a football stadium. (*Id.*) The Yousuf pendent also included the phrases, "WHO DAT," "NOLA," and "BELIEVE DAT." (*Id.*) Based on the similarity of the Yousuf pendent to the Silver Dream pendent, Silver Dream initiated suit against Yousuf, alleging copyright infringement, unfair competition, and violations of Louisiana's Unfair Trade Practices and Consumer Protection Law. (*Id.* at ¶¶ 24-36.) Subsequently, Yousuf provided Silver Dream with a sworn affidavit, which stated that the jewelry pendents were purchased from L&P. (*Id.* at ¶ 20.) L&P is a New York corporation that manufactures, imports, and exports fine jewelry and has a principal place of business in New York. (Def.'s Mem. Supp. Mot. to Dismiss 2; Park Aff. ¶ 3, May 5, 2011.) As a result, Silver Dream amended its Complaint to add L&P as a defendant. Thereafter, Silver Dream dismissed all claims against Yousuf. (*See* Rec. Doc. 18.)

L&P then filed the instant motion to dismiss for lack of personal jurisdiction, arguing that it has no contacts with Louisiana. (Def.'s Mem. Supp. Mot. to Dismiss 2.) Specifically, L&P contends that it has never made any sales, entered into any contracts, shipped any products, or marketed any products in Louisiana. (*Id.*) L&P also asserts that it does not have a Louisiana phone number, mailing address, bank account, office, or other property in Louisiana. (Park Aff. ¶ 9.) Additionally, L&P is not registered to do business in the state of Louisiana and has never appointed an agent for service of process in Louisiana. (*Id.* at ¶ 10.) In opposition, Silver Dream argues that L&P reasonably should have foreseen that it would be haled into court in Louisiana given that the design of its pendent is characteristic of New Orleans and Louisiana. (Pl.'s Mem. Opp'n to Mot. to Dismiss 5.) Alternatively, Silver Dream asserts that L&P's motion to dismiss should be denied because the issue of jurisdiction is intertwined with the merits of the case. (*Id.*)

## II. DISCUSSION

The Due Process Clause of the Fourteenth Amendment requires that a defendant be subject to the personal jurisdiction of the court where the action is brought. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). When a non-resident defendant challenges personal jurisdiction, the plaintiff bears the burden of presenting *prima facie* evidence of personal jurisdiction. *Kelly v. Syria Shell Petrol. Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 278 (5th Cir. 1982)). Uncontroverted allegations are accepted as true, and all factual conflicts deriving from the parties' evidence are resolved in the plaintiff's favor. *Id.* (citing *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)). In deciding whether to exercise personal jurisdiction in federal question cases, the court first must look to the service-of-process provisions of the federal statute that governs the case. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 105-06 (1987). If the federal statute is silent regarding service of process, then the federal court has personal jurisdiction over the parties if the parties would be subject to the personal jurisdiction of the state where the district court sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Aviles v. Kunkle*, 978 F.2d 201, 203-04 (5th Cir. 1992).

Because the Copyright Act is silent regarding service of process, and this Court sits in the state of Louisiana, the Court may exercise personal jurisdiction over the parties if the parties are subject to the jurisdiction of the Louisiana courts. *See* Fed. R. Civ. P. 4(k)(1)(A). In Louisiana, the limits of Louisiana's long-arm statute are coextensive with constitutional due process limits. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 242 (5th Cir. 2008) (citing *A & L Energy, Inv. v. Pegasus Group*, 791 So. 2d 1266, 1270 (La. 2001)). In order to determine whether exercising personal jurisdiction over a non-resident defendant is compatible with due process, a

3

court must determine (1) whether the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) whether the exercise of jurisdiction over the defendant offends traditional notions of fair play and substantial justice. *See id.* at 243.

### A. Minimum Contacts

In order for the Court to exercise personal jurisdiction over L&P, Silver Dream must make a *prima facie* showing that L&P has minimum contacts with Louisiana. Minimum contacts may be established by either general jurisdiction or specific jurisdiction. *Kelly*, 213 F.3d at 841. General jurisdiction exists when the defendant's contacts with the forum state are substantial, continuous, and systematic yet unrelated to the case sub judice. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 374 (5th Cir. 2003) (quoting *Cent. Freight Lines v. APA Transport Corp.*, 332 F.2d 376, 381 (5th Cir. 2003)). Specific jurisdiction may exist when a foreign defendant purposefully has directed his activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "A single act may support specific jurisdiction where the act is directed at residents of the forum, and the cause of action relates to the act." *Id.* (citing *Burger King Corp.*, 471 U.S. at 476 n. 18). Personal jurisdiction cannot, however, be founded upon "the mere fortuity that the plaintiff happens to be a resident of the forum." *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985).

A plaintiff may establish specific jurisdiction pursuant to the stream of commerce theory. *See World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980). Under the stream of commerce theory, a court may exercise jurisdiction over a non-resident defendant if the defendant

"delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *Id.* "Where a defendant knowingly benefits from the availability of a particular state's market for its products, it is only fitting that the defendant be amenable to suit in that state." *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006). Moreover, the Fifth Circuit has held that "mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." *Ruston Gas Turbines v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993) (citing *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 111 (1987)). The foreseeable market "is generally broader with respect to manufacturers and primary distributors of products who are at the start of a distribution system and who thereby serve, directly or indirectly, and derive economic benefit from a wider market," *Bean Dredging Corp. v. Dredge Tech. Corp.*, 744 F.2d 1081, 1084 (5th Cir. 1984) (quoting *Nelson v. Park Indus., Inc*., 717 F.2d 1120, 1125-26 (7th Cir. 1983), and "a wrongdoing manufacturer [cannot] insulate [itself] from the long arm of the courts by using an intermediary or by professing ignorance of the ultimate destination of his products." *Andersen v. Sportmart, Inc.*, 57 F. Supp. 2d 651, 660 (N.D. Ind. 1999).

In particular, the Fifth Circuit has exercised jurisdiction over foreign manufacturers that introduce a product into the stream of commerce and fail to limit the number of states where the products is sold or neglect to place restrictions on the distribution of the product. *See e.g.*, *Bean Dredging Corp.*, 744 F.2d at 1085; *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 199-200 (5th Cir. 1980). Although the Fifth Circuit does not require additional conduct on the part of the defendant, in *Asahi Metal Industry Co., Ltd v. Superior Court of California*, Justice O'Connor observed that it was reasonable to exercise personal jurisdiction over a defendant who introduces a product into the

stream of commerce when the defendant has "design[ed] the product for market in the forum State, advertis[ed] in the forum State, establish[ed] channels for providing regular advice to customers in the forum State, or market[ed] the product through a distributor who has agreed to serve as the sales agent in the forum State." *Asahi Metal Indus. Co.*, 480 U.S. at 112.

In addition, the Fifth Circuit has expanded the stream of commerce theory beyond the products liability context. *See Luv n' Care, Ltd.*, 438 F.3d at 473. In *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, the Fifth Circuit applied the stream of commerce theory to a copyright and trademark infringement action because "the same public policy concerns that [justified the] use of the stream-of-commerce principle in the products liability context [were] present." *Id.* at 472-73 (quoting *Nuovo Pignone v. STORMAN ASIA M/V*, 310 F.3d 374, 381 (5th Cir. 2002). In *Luv n' Care, Ltd.*, the Fifth Circuit exercised jurisdiction over a non-resident manufacturer after finding that the manufacturer had sufficient contacts with the state of Louisiana. *Id.* at 471-73. Even though the manufacturer allegedly had sold infringing products to Wal-mart, a third party distributor, the Fifth Circuit ruled that the exercise of jurisdiction was proper because the manufacturer had filled Wal-mart orders bound for Louisiana and "should have known, when it availed itself of the Louisiana market for infant care products, that it could face potential liability from competition with similarly designed items." *Id.* at 473.

In the instant case, the parties agree that the Court lacks general jurisdiction over L&P, but disagree as to whether the Court has specific jurisdiction over L&P. The Court finds that Silver Dream has met its burden at this stage of the proceedings in establishing specific jurisdiction over L&P under the stream of commerce theory. In accord with *Luv n' Care, Ltd.*, the stream of commerce principle can be applied to this copyright infringement suit. Based upon the evidence

presented to the Court, it reasonably can be inferred that L&P knew and expected that its jewelry pendent would be distributed by Yousuf to Louisiana residents given that the pendent's design is particular to Louisiana. As noted by Silver Dream, the pendent is representative of the New Orleans Saints football team given that it is shaped like a fleur de lis and features a football, a football stadium, and the words, "NOLA." Additionally, the fleur de lis symbol is characteristic of New Orleans, and the slogans "WHO DAT," "BELIEVE DAT," and "NOLA" are specific to the New Orleans dialect. As in *Luv n' Care, Ltd.*, L&P should have known that it could face potential liability from competition with similarly designed items in Louisiana when it decided to design a pendent characteristic of New Orleans and Louisiana. Also, the Court's exercise of jurisdiction is proper under *Asahi* because the L&P pendent was designed specifically for the Louisiana market given that it is in the shape of a fleur de lis and includes slogans specific to New Orleans. Nevertheless, Silver Dream argues that the pendent was targeted at New Orleans Saints' fans residing in Texas. Although there may be New Orleans Saints fans residing in Texas, it is undisputable that most New Orleans Saints fans reside in Louisiana. Thus, L&P cannot claim ignorance of the sales in Louisiana.

Even though L&P sold its jewelry pendents to Yousuf, under *Bean Dredging Corp.*, *Osawalt*, and *Luv n' Care, Ltd.*, a non-resident manufacturer or distributor that uses a third party intermediary may be subject to personal jurisdiction if the manufacturer or distributor was aware that the product would reach the forum state. Here, L&P undisputably was aware that its jewelry pendents would make their way to Louisiana while still in the stream of commerce because the design of the pendent is characteristic of Louisiana. As a result, there can be no doubt that the pendent would be marketed to Louisiana residents. In addition, L&P derived revenue and benefitted from the sale of its pendents bound for distribution in Louisiana–the intended market. Moreover, as

in *Bean Dredging Corp.* and *Oswalt*, L&P failed to place any restrictions on where the pendent was marketed and sold. Therefore, L&P is amenable to suit in Louisiana. Thus, the Court concludes that Silver Dream has made a *prima facie* showing of personal jurisdiction over L&P.

### B. Fairness

Additionally, the Court must determine whether the exercise of jurisdiction over L&P offends traditional notions of fair play and substantial justice. *See Walk Haydel & Assocs., Inc.*, 517 F.3d 243. In determining whether the exercise of personal jurisdiction offends traditional notions of fair play and substantial justice, courts consider five factors: "(1) the burden upon the non-resident defendant to litigate in that forum; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the several states' shared interest in furthering substantive social policies." *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 n.13 (5th Cir. 1999).

The Court is not persuaded that any of these factors militate in favor of rejecting jurisdiction. Litigating this case in Louisiana may be less convenient for L&P than in New York, but the burden of trying this case in Louisiana is by no means severe, especially when L&P availed itself of the Louisiana market for sale of its Louisiana themed jewelry. Nevertheless, Silver Dream will be burdened in asserting its claim if it is required to litigate in New York given that its witnesses and evidence are located in Louisiana. Moreover, Louisiana has a significant interest in adjudicating this dispute and protecting its citizens from infringement of their copyrights. Also, the infringement of Silver Dream's copyright is felt almost exclusively in Louisiana given that L&P's jewelry design specifically appeals to Louisiana residents. *See Calder v. Jones*, 465 U.S. 783, 788-89 (1984) (holding that the exercise of jurisdiction over a defendant is proper when the defendant intentionally

directs wrongdoing at the forum state). The fourth and fifth factors do not affect the Court's exercise of personal jurisdiction given that both Louisiana and New York are capable of enforcing the Copyright Act and providing an efficient resolution to this dispute. Consequently, it is neither unfair nor unreasonable to require L&P to defend this suit in Louisiana, and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

Based on the foregoing, exercising personal jurisdiction over L&P is compatible with due process. Silver Dream has established minimum contacts with Louisiana at this early stage in the proceedings, and the exercise of jurisdiction over L&P does not offend traditional notions of fair play and substantial justice. Therefore, the motion to dismiss for lack of personal jurisdiction is denied.

## III. CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 22)** filed by Defendant, Defendant, L&P Group, USA, Inc. is **DENIED**.

This 27th day of July, 2011.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

9